UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CENTRAL MICHIGAN COMMUNITY
HOSPITAL,

            Plaintiff,           Case Number 06-10220
                                               Honorable David M. Lawson

v.

FEDERAL COMMUNITY HOSPITAL,

            Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Before the Court is a filing by the plaintiff in this case entitled "Response to Notice of Removal of Cause [to the federal court]." In that filing, the plaintiff requests that the case be remanded to the state court whence it came pursuant to 28 U.S.C. § 1446(c)(4). The plaintiff also requests costs and attorney fees. The Court will construe the filing as a motion to remand. The defendant has filed a response in opposition.

This case involves a dispute between the defendant, an insurance company, and the plaintiff, its insured, over the scope of coverage of a hazard insurance policy issued to protect the plaintiff's premises. The parties agree that the plaintiff is a citizen of Michigan and the defendant is a New Jersey corporation. However, the plaintiff contends that the insurance company must be deemed a citizen of Michigan by operation of 28 U.S.C. § 1332(c)(1). That statute provides in part "that in any direct action against the insurer of a policy or contract of liability insurance, . . . to which action the insured is not joined as a defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen." 28 U.S.C. § 1331(c)(1). The plaintiff reasons that under this statute, the

defendant must be deemed a citizen of the plaintiff's state, since the plaintiff is "the insured" and has not been joined as a "party defendant."

The plaintiff's argument, however, ignores well-settled Sixth Circuit precedent, which holds that breach of contract and coverage disputes between an insured and an insurer are not thought to be "direct action[s]" within the meaning of section 1331(c)(1). *See Lee-Lipstreu v. Chubb Group of Insurance Companies, (federal insurance company)*, 329 F.3d 898 (6th Cir. 2003). Rather, a "direct action" contemplated by the statute is one in which an insured person is a tortfeasor, but his insurance company is joined as the defendant and the tortfeasor is not so joined. In such a case, the interest of the insured and insurer are aligned, and the statute recognizes that the citizenship of the parties for purposes of diversity jurisdiction ought to be considered in light of that alignment.

However, the Sixth Circuit has recognized that commingling the citizenship of an insured and his insurer in coverage and contract disputes when these two parties are adverse to each other, and thereby destroy diversity under the umbrella of section 1331(c)(1), "would result in an absurdity." *Lee-Lipstreu*, 329 F.3d at 900. The prevailing view in other circuits agrees with this interpretation of the statute. *See McGlinchey v. Hartford Acc. & Indem. Co.*, 866 F.2d 651, 652-53 (3rd Cir. 1989); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 847 (10th Cir. 1988). Construing the statutory phrase "direct action" to exclude coverage and contract disputes between an insured and his insurer appears to be the prevailing view in this district, as well. *See Davis v. State Farm Auto. Ins. Co.*, 382 F. Supp. 2d 957 (E.D. Mich. 2005).

As noted, the Court will construe the plaintiff's filing to be a motion to remand. The Court finds that complete diversity exists, and the parties agree that the amount in controversy exceeds the jurisdictional limit.

Accordingly, it is **ORDERED** that the plaintiff's motion to remand [dkt # 3] is **DENIED**.


Dated: February 3, 2006                s/David M. Lawson
                                       DAVID M. LAWSON
                                       United States District Judge


> **PROOF OF SERVICE**
>
> The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 3, 2006.
>
> s/Tracy A. Jacobs
> TRACY A. JACOBS